UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUNE HILL,

    Plaintiff,

vs.

THE CITY OF CINCINNATI., *et al.*,

    Defendants.

Case No. 1:09-cv-800

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION[1]

This action is now before the Court on Defendant Scott Krauser's motion to dismiss Plaintiff's complaint for lack of jurisdiction (Doc. 32) and Plaintiff's memorandum *contra*. (Doc. 34). For the reasons that follow, the undersigned recommends that the Court should decline to exercise its supplemental jurisdiction over the remaining state law claim and dismiss this case without prejudice to refiling in state court.

**I. Background**

Plaintiff, a resident of Cincinnati, Ohio, initiated this action under 42 U.S.C. § 1983 alleging a violation of her constitutional rights against the City of Cincinnati and Cincinnati Police Officer Scott Krauser, Lt. Hungler, and Sgt. Michael Williams.

On August 17, 2010, the Court issued an Order adopting the Magistrate Judge Hogan's Report and Recommendation that Defendant City of Cincinnati's motion to dismiss be granted, Defendant Williams' motion to dismiss be granted, and Defendant Hungler's motion to dismiss be granted. With respect to Defendant Krauser, the Court granted the motion in part but denied it with respect to Plaintiff's Fourth Amendment and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

defamation claims. The Court concluded that Defendant Krauser was not entitled to qualified or statutory immunity. (Doc. 21). Defendant Krauser appealed the decision of the district court. (Doc. 24)

On September 12, 2011, the United States Court of Appeals for the Sixth Circuit issued an order vacating the district court's order to the extent that it denied Defendant Krauser qualified immunity on the Fourth Amendment seizure claim. (Doc. 31). The Sixth Circuit affirmed the district court's decision to the extent that it denied defendant Krauser statutory immunity on Plaintiff's defamation claim and remanded the case back to the district court for further proceedings. (Docs. 31, 33).

Consequently, the sole remaining defendant in this case is Defendant Krauser and the sole remaining cause of action is Plaintiff's state-law defamation claim against him. Defendant Krauser now moves to dismiss Plaintiff's remaining state law claim asserting that the Court lacks jurisdiction of this action.

**II. Analysis**

When this case included the federal constitutional claims against the law enforcement and city defendants, the Court clearly had original jurisdiction over the federal claims, *see* 28 U.S.C. § 1331, and it made sense for the Court to exercise its supplemental jurisdiction over the state-law claims in the case because they arguably formed part of the same controversy. *See* 28 U.S.C. § 1367(a). However, with the dismissal of those Defendants and their related federal claims, the case currently before the Court more properly belongs in state court. Accordingly, the undersigned finds that Plaintiff's remaining state law claim should be dismissed without prejudice to refiling in state court. See 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs*, 383

U.S. 715, 726-27(1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate ... the state claims may be dismissed without prejudice ...."); *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that: (1) Defendant Krauser's motion to dismiss (Doc. 32) be **GRANTED;** (2) Plaintiff's state law claims be **DISMISSED without prejudice** to refiling in state court; (3) and this case be **CLOSED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUNE HILL,

    Plaintiff,

vs.

THE CITY OF CINCINNATI., *et al.*,

    Defendants.

Case No. 1:09-cv-800

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).